FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 FEB -3 PM 2:34

U.S. DISTRICT COURT
N.D. OF ALABAMA

JERRY BRYAN,

    PLAINTIFF,

vs.                                         CASE NO. CV 00-J-101-S

WMC MORTGAGE CORP.,

    DEFENDANT.

ENTERED

FEB 3 2000

## MEMORANDUM OPINION

This case is an action in which the plaintiff sues for false representations by defendant which he alleges resulted in the foreclosure sale of his property. Complaint at ¶¶ 9, 12. The case was originally filed in the Circuit Court of Jefferson County. The defendant filed a notice of removal (doc. 1), alleging this court has original jurisdiction under 28 U.S.C. § 1332. The plaintiff is a resident of the state of Alabama and the defendant is a California corporation. Notice of Removal at ¶ 2. The state court complaint states claims for fraud and deceit (Count I), fraudulent suppression (Count II), slander of title (Count III), negligence (Count IV), breach of contract (Count V), outrage (Count VI) and violation of the Alabama Deceptive Trade Practices Act (Count VII).

The plaintiff has filed a motion to remand (doc. 4). The plaintiff alleges that this case does not involve any federal question, but solely state law claims, and that the requirements for diversity jurisdiction under 28 U.S.C. § 1332 are not met as the amount in controversy does not exceed $75,000.00.

The defendant removed this case on the theory that, because plaintiff's complaint requests compensatory and punitive damages, including attorney's fees, against WMC in the

5

amount of $74,000.00, as well as "other relief to which he may be entitled", the plaintiff is really seeking more than $74,000.00. Notice of Removal at ¶ 3. In *Burns v. Windsor Insurance Company*, 31 F.3d 1092, 1095 (11th Cir.1994), the Court stated: "Federal courts are courts of limited jurisdiction. While a defendant does have a right, by statute, to remove in certain situations, plaintiff is still the master of his own claim (citations omitted). Defendant's right to remove and plaintiff's right to chose his own forum are not on equal footing ... removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand (citations omitted)." The Court went on to state that:

> Because removal is only permissible when plaintiff's claim could have been filed in federal court originally, we must look to plaintiff's claim to determine whether removal was appropriate. Plaintiff's complaint specifically requests $45,000 in damages. Therefore, no jurisdiction exist (sic) on the face of the plaintiff's claim. So, the critical question is to what extent must defendant prove jurisdiction exists despite plaintiff's express claim to less than the jurisdictional amount?
>
> We believe the defendant's burden of proof must be a heavy one .... We will not assume – unless given reason to do so – that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case. Instead, we will assume that plaintiff's counsel best knows the value of his client's case and that counsel is engaging in no deception....

*Burns*, 31 F.3d at 1095. The Court in *Burns* further stated, "where a plaintiff has specifically claimed less than the jurisdictional amount in state court, a defendant, to establish removal jurisdiction, must prove to a 'legal certainty' that the plaintiff would not recover less than $50,000 if she prevailed".[1] *Id.* The defendant argues that this court should ignore the

---

[1] The jurisdictional amount would now be $75,000 pursuant to the 1996 amendments to 28 U.S.C. § 1332. The plaintiff here specifically claimed "as award of compensatory and punitive damages, including attorney's fees against WMC in the amount of $74,000.00." *See*

2

Eleventh Circuit's holding in *Burns, supra*, and instead adopt the holding of *Galford v. General Electric*, 997 F.2d 150 (6th Cir.1993) which was referenced in a footnote in the *Burns* decision. This court declines to do so.[2] Because the defendant states the wrong standard for proof of removal jurisdiction, this court finds its arguments as to why the plaintiff may recover more than the jurisdictional amount uncompelling. Because this court finds this case to be, in essence, indistinguishable from the *Burns* case, and further finds that the controlling precedent in this Circuit is *Burns*, this court finds itself without subject matter jurisdiction.

Therefore, based on a consideration of all of the above, this court **FINDS** that the above-entitled action was removed improvidently and that this court is without jurisdiction. Accordingly, plaintiff's motion to remand is hereby **GRANTED**. This action shall be **REMANDED** to the Circuit Court of Jefferson County from whence it was removed.

**DONE** and **ORDERED** this the ___3___ day of February, 2000.

_____
Inge P. Johnson
United States District Judge

---

plaintiff's complaint at 4.

[2] The court notes that the footnote referenced by defendant first states that "[s]ome authority suggests that when the plaintiff seeks less than the jurisdictional amount the case cannot be removed as a matter of law – defendant gets no chance to prove jurisdiction." *Burns*, 31 F.3d at 1096, n.6. The language defendant cites is then noted by the Court to be applied by other jurisdictions in cases where no amount of damages was specified by the plaintiff. Because the plaintiff here specified the amount sought, this court finds the defendant's reliance on *Bolling v. Union National Life Insurance Company*, 900 F.Supp. 400, 403 (N.D.Ala.1995), misplaced.

3